**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JUAN GIRALDO** )
)
**v.** ) **CIVIL NO. 07-172-S**
)
**UNITED STATES OF AMERICA** )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The United States, by and through its attorneys, United States Attorney Robert Corrente and Special Assistant U.S. Attorney William D. Weinreb, respectfully submits this response to Juan Giraldo's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

**BACKGROUND**

On November 29, 2004, Giraldo pleaded guilty in Criminal No. 04-074-S (the "drug case") to a two-count indictment charging him with conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, 21 U.S.C. § 846 (Count One), and possession with intent to distribute 500 grams or more of cocaine, 18 U.S.C. § 841(a)(1) (Count Two). On May 20, 2005, Giraldo pleaded guilty in Criminal No. 05-053-S (the "tax case") to an information charging him with four counts of tax evasion, 26 U.S.C. § 7201.

On July 29, 2005, Giraldo appeared for sentencing in both cases. The Court imposed a separate sentence in each case but ran the sentences concurrently. (Sent. Tr. at 8-11). In the

drug case, the PSR recommended a base offense level of 26 pursuant to USSG §2B1.1 (because Giraldo was accountable for 1,001 grams of cocaine); a two-level increase pursuant to USSG §3B1.1 (on the ground that Giraldo was a leader/organizer of the offense); and a three-level decrease pursuant to USSG §3E1.1 (for timely acceptance of responsibility). (Drug Case PSR ¶¶ 16, 18, 23, 24). Those calculations resulted in a total offense level of 25 and, given Giraldo's criminal history category of I, an advisory guidelines sentencing range of 57-71 months. Giraldo objected to the two-level increase for role in the offense, but the Court overruled the objection and adopted the PSR's calculations. (Sent. Tr. at 11-23). The Court then sentenced Giraldo to 71 months' imprisonment, a five-year term of supervised release, a $10,000 fine, and a $200 special assessment. (Sent. Tr. at 42-43).

In the tax case, the PSR recommended a base offense level of 16 (because Giraldo was responsible for a tax loss of between $80,000 and $200,000) and a three-level decrease pursuant to USSG §3E1.1 (for acceptance of responsibility), yielding a total offense level of 13 and an advisory guidelines sentencing range of 12-18 months. (Tax Case PSR ¶ 24; Sent. Tr. at 24). The Court sentenced Giraldo to 15 months' imprisonment followed by three years' supervised release, to run concurrent with his sentence in the drug case; conditional restitution of $113,466; and a $400 special assessment. (Sent. Tr. at 43-44).

Giraldo appealed his sentence in the drug case. His sole argument on appeal was that this Court erred by imposing a two-level increase under USSG §3B1.1 for role in the offense. The Court of Appeals rejected Giraldo's argument and summarily affirmed the sentence. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995). It wrote:

> The government's motion for summary disposition is granted. The district court's factual determination that defendant Juan Giraldo was an organizer or leader of the criminal conspiracy and decision to impose a two-level enhancement to his total offense level pursuant to USSG §3B1.1 were not clearly erroneous. United States v. Talladino, 38 F.3d 1255, 1261 (1st Cir. 1994). Therefore, after careful review of the parties' filings and the record, the sentence imposed by the district court is summarily affirmed. See 1st Cir. R. 27(c).

Giraldo filed a petition for certiorari, which was denied by the Supreme Court on October 30, 2006. Giraldo v. United States, 127 S.Ct. 538 (Mem. Oct 30, 2006). His motion for relief pursuant to 28 U.S.C. § 2255 was timely filed on May 3, 2007.

Giraldo claims that his trial counsel was ineffective in several respects, but his claims all rely on the existing record, and the record itself refutes those claims. Accordingly, there is no need for a hearing on the motion, and it should be summarily denied.

**ARGUMENT**

Giraldo's motion must be denied because it is plain from the record that none of his claims of ineffective assistance of counsel has merit. Rule 4 of the Rules Governing Section 2255

Proceedings provides that "[i]f it plainly appears from the [Section 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Given the record in this case, Giraldo cannot show either (1) that his attorney's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, or (2) that but for counsel's alleged errors, the result of the trial would probably have been different. Strickland v. Washington, 466 U.S. 668, 684-85 (1984). Accordingly, Giraldo's motion must be denied.

## I. Defense Counsel Did Not Fail to Argue That the Evidence Showed Giraldo To Be a Follower Rather Than A Leader/Organizer, And the Government Did Not Cite Facts From the Tax Case to Bolster Its Argument Regarding Giraldo's Role in the Drug Case.

Giraldo claims, incorrectly, that his attorney failed to argue that certain consensually recorded conversations proved Giraldo was a follower rather than a leader/organizer of the drug deal. (Deft. Mot. at 3-6). The record shows that Giraldo's attorney did in fact advance that argument. (Sent. Tr. at 11-22). The Court simply considered and rejected the argument. (Id.).

Giraldo also claims, incorrectly, that the government impermissibly relied on the offense conduct from the tax case to bolster its role-in-the-offense argument in the drug case, and he argues that defense counsel was ineffective for failing to object. (Deft. Mot. at 7-10). Once again, the record belies

that claim. The record shows that the government never mentioned any of the offense conduct from the tax case in its argument respecting Giraldo's role in the drug case. (Sent. Tr. at 15-18).

II. Defense Counsel Was Not Ineffective For Failing to Argue That Giraldo Had a Sixth Amendment Right to a Jury Determination of the Facts on Which the Court Based the Leader/Organizer Enhancement.

Giraldo argues, incorrectly, that he had a Sixth Amendment right to a jury determination of the facts on which the Court based the leader/organizer enhancement. (Deft. Mot. at 11-15). Although Giraldo is correct that a defendant has a "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence," Deft. Mot. at 12, facts affecting a defendant's guidelines sentencing range *are not* essential to his sentence because the guidelines are merely advisory. That was the very holding of United States v. Booker, 125 S.Ct. 738 (2005). Moreover, in the plea agreement, Giraldo expressly waived his right (if any) to have sentencing facts found by a jury beyond a reasonable doubt. (Plea. Agr. ¶ 2). Accordingly, Giraldo's attorney was not ineffective for failing to argue that Giraldo had a Sixth Amendment right to a jury determination of sentencing facts.

III. Defense Counsel Was Not Ineffective For Failing to Argue That The Government's Argument At Sentencing Breached the Plea Agreement.

Giraldo claims that the government breached its agreement to recommend a sentence at the low end of the applicable guidelines range; but the only thing he cites in support of this claim is the government's argument regarding his role in the offense. (Deft. Mot. at 16-22). In the plea agreement, the parties stipulated that Giraldo was accountable for 1,001 grams of cocaine but otherwise "reserve[d] their rights to argue and present evidence on all matters affecting guideline[s] calculation." (Plea Agr. ¶ 2f). The government did not breach the plea agreement by arguing in favor of a role adjustment, and it follows that Giraldo's counsel was not ineffective for failing to object to the government's argument as a breach.

IV. Defense Counsel Was Not Ineffective For Failing to Argue For a Downward Departure Based on the Possibility of Collateral Sentencing Consequences Arising From Giraldo's Alienage.

Giraldo asserts that because he is a deportable alien who committed an aggravated felony, he, unlike a citizen who committed the same type of crime, will not be permitted to serve his sentence in a minimum security facility or to serve the last ten percent of it in community or home confinement. (Deft. Mot. at 23-25). Giraldo argues that these collateral sentencing consequences justified a downward departure and that his counsel was ineffective for failing to seek one. He is wrong.

Several courts have squarely held that the possibility a defendant may suffer collateral sentencing consequences because he is a deportable alien do not justify a downward departure. See, e.g., United States v. Restrepo, 999 F.2d 640, 644 (2nd Cir.) (holding that "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family," do not justify a downward departure), cert. denied, 910 U.S. 954 (1993); United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993) ("Collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure."); United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990) ("[W]e find that the possibility of deportation is not a proper ground for departure."); United States v. Mendoza-Lopez, 7 F.3d 1483, 1487 (10th Cir. 1993) (same), cert. denied, 511 U.S. 1036 (1994).

Although some courts have held that the collateral sentencing consequences of being a deportable alien *are* a permissible basis for a downward departure, they have stressed that the circumstances under which such a departure might be warranted are quite limited. In United States v. Smith, 27 F.3d

649 (D.C. Cir. 1993), for example, the D.C. Circuit suggested that a departure would be warranted only if the alien succeeds in showing (1) that he will *in fact* suffer an increased severity of confinement; (2) that the increased severity of confinement will result solely because he is an alien and not because of associated factors such as risk of flight, dangerousness, convenience to the Bureau of Prisons, etc.; (3) that the "difference in severity [will be] be substantial and . . . will in fact apply for a substantial portion of the defendant's sentence;" and (4) that "the greater severity is undeserved," i.e., not part of the defendant's "just desserts." Id. at 655. Giraldo has not demonstrated or even alleged that his counsel could have made any of these showings, let alone all four. Accordingly, this claim of ineffective assistance must be dismissed as well.

**CONCLUSION**

Because it plainly appears from Giraldo's motion and the record of prior proceedings in this case that Giraldo is not entitled to relief, the motion should be denied.

Respectfully submitted,
ROBERT CLARK CORRENTE
United States Attorney

By: ______________________________
WILLIAM D. WEINREB
Special Assistant U.S. Attorney

CERTIFICATE OF SERVICE

A copy of this motion was served by first-class mail upon Juan Giraldo, Pro Se, BOP/USM #25255-038, Miami Federal Detention Center, P.O. Box 019120, Miami, FL 33101, on May 30, 2007.

WILLIAM D. WEINREB
Special Assistant U.S. Attorney