UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUAN GIRALDO, Plaintiff, | ) | |
| v. | ) | C.A. No. 07-172 S |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**Memorandum and Order**

William E. Smith, United States District Judge

Juan Giraldo filed a motion to vacate, set aside and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Giraldo's motion is denied.

Background

On November 29, 2004, Juan Giraldo pled guilty to a two count indictment. Count one charged Giraldo with conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B), and § 846. Count two charged Giraldo with possession with intent to distribute 500 grams of more of cocaine in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B).[1]

The U.S. Probation Office prepared a Pre-sentence Report ("PSR"). The PSR calculated a base offense level of 26. With a

[1] On May 20, 2005, Giraldo pled guilty to an information charging him with four counts of tax evasion in violation of 26 U.S.C. § 7201. Giraldo only challenges his drug conviction and sentence in the instant Section 2255 motion.

two level increase pursuant to U.S.S.G. § 3B1.1 because Giraldo was a leader/organizer and a three level reduction for acceptance of responsibility, the PSR calculated a net offense offence level of 25. With a criminal history category of I, this resulted in a sentencing guideline range of 57-71 months imprisonment. Giraldo objected to the leader/organizer enhancement, but this Court overruled the objection and imposed a 71 month sentence of imprisonment, a five year term of supervised release, and $200 special assessment.[2]

Giraldo filed an appeal challenging the Court's leader/organizer enhancement. The Court of Appeals summarily affirmed. See United States v. Giraldo, C.A. No. 05-2192 (1st Cir. Mar. 17, 2006) (unpublished). Giraldo filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. Giraldo v. United States, 127 S. Ct. 538 (Mem. Oct. 30, 2006). Giraldo timely filed the instant motion pursuant to 28 U.S.C. § 2255 on May 16, 2007.

§ 2255 Motion

In his motion pursuant to 28 U.S.C. § 2255, Giraldo alleges that his trial counsel was ineffective because counsel failed to

1. object to the leader/organizer enhancement;

---

[2] In his tax evasion case, see note 1 supra, the Court sentenced Giraldo to 15 months imprisonment, followed by three months of supervised release, to run concurrently with his drug sentence.

2. object to the judge-found facts at sentencing;
3. notify the court that the Government breached the plea agreement; and
4. argue that he was eligible for a downward departure based upon his status as a removable alien.

Analysis

A. Section 2255

Title 28, United States Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). Here, all of Giraldo's claims are framed as ineffective assistance of counsel claims.

B. Ineffective Assistance of Counsel Standard

Under the two part test in Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that counsel did not provide reasonably effective legal assistance, a defendant must show that (1) counsel's representation "fell below an objective standard of reasonableness," see id. at 688, and (2) counsel's deficient performance prejudiced the defendant, see id. at 694. The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp. 2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id.

With respect to the second prong of the Strickland standard, the defendant must show prejudice from counsel's performance. Strickland, 466 U.S. at 694. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result fo the proceeding would have been different. Id.

1. Leader/organizer enhancement

Giraldo first claims that his counsel failed to object to the leader/organizer enhancement and he alleges that the government wrongly relied upon facts from his tax evasion conviction to bolster its argument that Giraldo was a leader/organizer. Giraldo's claim, however, is contradicted by the record. Giraldo's counsel did object and ably argue against the leader/organizer enhancement. See United States v. Juan Giraldo, Cr. No. 04-074S, Sentencing Transcript, Dkt # 58, pp. 11-15 ("sentencing transcript"). Merely because counsel was unsuccessful does not

give rise to an ineffective assistance of counsel claim. See Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

Moreover, despite Giraldo assertions to the contrary, the sentencing transcript demonstrates that the government did not utilize facts from his tax evasion conviction when it argued for the leader/organizer enhancement. See Sentencing Transcript, pp. 16-18. Thus, Giraldo's claims have no basis in fact and are rejected.

2. Judge-found facts at sentencing

Next, Giraldo alleges that his counsel was ineffective because he failed to object to the judge-found facts at sentencing. Giraldo alleges that counsel should have objected to the Court's determination that he was a leader/organizer because that factual determination violated United States v. Booker, 543 U.S. 220 (2005). However, judicial fact-finding is entirely permissible during sentencing, so long as the sentence imposed is done under an advisory guideline system and does not exceed the statutory maximum. United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005); Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005).

Here Giraldo was sentenced to 71 months imprisonment, well below the statutory maximum of forty years imprisonment, see 21 U.S.C. § 846, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and under "advisory" sentencing guidelines. Thus, any objection based upon

Booker would have been fruitless. Counsel cannot be considered deficient for failing to make this baseless argument. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

3. The government breached the plea agreement

As his third claim for relief, Giraldo alleges that his counsel was ineffective because he failed to argue that the government breached the plea agreement. In support of this claim, Giraldo asserts that the government agreed to recommend a sentence at the low end of the applicable guideline range. However, he asserts the government's argument in support of a leader/organizer enhancement violated the plea agreement. He is mistaken.

The plea agreement provides that the government "reserve[d] [its] right[] to argue and present evidence on all matters affecting the guideline calculation." See United States v. Juan Giraldo, Cr. No. 04-074S, Plea Agreement, Dkt #36, ¶ 2f. Since the government reserved its right to argue and present evidence on the appropriate guideline range, the government's argument for a leader/organizer enhancement was not inconsistent with the plea agreement. Moreover, once the Court determined the appropriate guideline range, the government did in fact recommend a sentence at the low end of the guideline range. See Sentencing Transcript, p. 25. Therefore, the government did not breach the plea agreement and counsel was not deficient for making an argument to the contrary.

4. Downward departure based upon his status as a removable alien

Next, Giraldo asserts that his counsel was ineffective because he failed to argue that he was eligible for a downward departure based upon his status as a removable alien. However, collateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment that an alien may incur following a federal conviction, are not a basis for a downward departure. United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993) (citing United States v. Restrepo, 999 F.2d 640, 644 (2nd Cir. 1993)). Therefore, counsel was not deficient for failing to advance this argument.

And, finally, to the extent the Giraldo may be asserting any other claim in his Section 2255 motion, it is rejected since it is not coherently articulated.

Conclusion

Accordingly, for the reasons stated above, Giraldo's motion to vacate, set aside and/or correct his sentence is denied.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 12/20/07