IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Civil No. 07-172-S
Crim No. 04-74

UNITED STATES OF AMERICA,

Appellee-Respondent,

vs.

JUAN GIRALDO,

Appellant-Petitioner.

**APPELLANT'S REQUEST FOR CERTIFICATE OF APPEALABILITY**

The Appellant, through counsel, requests that this Court grant a certificate of appealability on the following issues:

1. Counsel's ineffective representation at the time of plea negotiations
2. Counsel's ineffective representation at sentencing
3. The prosecution violated the plea agreement
4. The district court erred in failing to hold an evidentiary hearing on these claims.

The Appellant through counsel requests that this Court consider the COA request in light of the memorandum in support attached herein, which is incorporated by reference.

Respectfully Submitted,

/s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant
1001 W. Main St.
Lebanon OH 45036
513.933.9333
Fax 513.933.9375
Kevinschad@yourattorneys.net

/s/ Edward McCormick
Edward McCormick
PO Box 6126
Providence RI 02940

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent this _____ day of March , 2008, by ECF filing, to the office of the Assistant United States Attorney William Weinreb.

/s/ Edward McCormick
Edward McCormick
Attorney for Appellant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Civil No. 07-172-S
Crim No. 04-74

UNITED STATES OF AMERICA,

Appellee-Respondent,

vs.

JUAN GIRALDO,

Appellant-Petitioner.

**MEMORANDUM IN SUPPORT**

In order to obtain a certificate of appealability, a petitioner must "make a substantial showing of the denial of a constitutional right." Thomspon v. Spencer, 111 Fed Appx. 11,12 (1st C. 2004) "To appeal from a final order in a section 2255 proceeding, the petitioner must obtain a certificate of appealability. 28 U.S.C.§2253(c)(1)(B). To obtain such a certificate where [] the district court dismissed the section 2255 petition on procedural grounds without reaching the merits, the petitioner must show both that 'the soundness of the procedural ruling is debatable, and ... [that] the [underlying] constitutional claim is also colorable.'" In re Smith, 436 F.3d 9,10 (1st C. 2006) On claims denied on their merits, where a "reasonable jurist" could find that the claims made are "debatable", then a certificate should issue. Quinnones -Torres

v. United States, 240 Fed Appx. 876,878 (1st C. 2007) If the Court grants a certificate of appealability, then review of denial of the petition is de novo. Aspen v. Bissonnette, 480 F.3d 571,573 (1st C. 2007) The Appellant submits that he meets this standard.

## I. Ineffective assistance - plea agreement

The Appellant submits that a certificate of appealability should issue on his claim that counsel was ineffective in his advice with regards to the effects of the plea in this case.

"The Sixth Amendment guarantees defendants the right to effective assistance of counsel, [] which includes effective representation during the plea process." Rivero-Cabanas v. United States, 46 Fed Appx. 2,3 (1st C. 2002) "An ineffective assistance claim requires Haines to show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's failures were so serious as to deprive the defendant of a fair trial." Haines v. Risely, 412 F.3d 285,288 (1st C. 2005) "In the context of guilty pleas, '[t]he second, or "prejudice," requirement ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process'". United States v. Arzemendi-Serrano, 204 Fed Appx. 33,34 (1st C. 2006)(internal cite omit)

In denying the 2255 petition, the Court misconstrued the nature of the Appellant's claim as to this matter. The Court

believed that the Appellant was arguing that counsel was ineffective for failing to raise an objection to the U.S.S.G. § 3B1.1 enhancement. As the Court pointed out, that argument was raised at sentencing. But the Appellant actually argued a different matter. The Appellant contends that his counsel gave him misinformation at the time of the plea: that is, he was told by counsel that his plea would serve to vacate any potential enhancement under 3B1.1. As stated in his 2255 petition "Defendant signed the Plea Agreement knowing for certain that the 'Leader role' allegation of the original indictment had been eliminated completely". (Petition, p.11) This was based upon counsel's advice.

In the case of United States v. Colon-Torres, 382 F.3d 76 (1st C. 2004), the Court remanded a case for an evidentiary hearing on a claim that counsel provided erroneous advice regarding a plea. In that case, the defendant plead guilty, and at sentencing, was labeled a career offender. The defendant complained that counsel had not warned him of this consequence, and that he would not have plead guilty had he known the true circumstances. The First Circuit found that a preliminary showing of ineffective assistance of counsel was present, and that further factual inquiry was required.

In the present case, the plea was entered into on a false premise. The Appellant was shocked when the Government sought to

impose an enhancement at sentencing based upon his alleged aggravating role, in direct contradiction to the advice provided by his counsel. A certificate of appealability should issue on this matter.

**II. Ineffective assistance - sentencing**

The Appellant next submits that a certificate of appealability should issue on the argument that the Appellant's counsel rendered ineffective representation during sentencing.

As with other ineffective assistance claims, where a defendant claims that his counsel was ineffective during sentencing, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different." Cofske v. United States, 290 F.3d 437,441 (1st C. 2002) Any increase in jail time can amount to prejudice in the context of a non-capital sentencing case. Dugas v. Coplan, 428 F.3d 317,328 (1st C. 2005)

A criminal defendant is entitled to the effective assistance of counsel during the sentencing proceeding. Carey v. United States, 50 F.3d 1097 (1st C. 1995) The burden is on the defendant to disprove that counsel rendered effective assistance during sentencing. Isabel v. United States, 980 F.2d 60 (1st C. 1992) The Sixth Amendment requires that each criminal defendant receive an "effective advocate" on his or her behalf. United States v. Gaffney, 469 F.3d 211,216 (1st C. 2006)

The Appellant submits that his counsel was ineffective at sentencing for failing to advocate for either a downward departure (under the Sentencing Guidelines) or a downward variation (using 3553(a) factors) based upon his status as a deportable alien. A downward departure under the Sentencing Guidelines based upon the fact that the defendant is a deportable alien is neither a forbidden nor discouraged factor under the Guidelines. United States v. Florentino, 427 F.3d 985,987 (1st C. 2005) Where a court finds that the circumstances or collateral consequences of deportation present an extraordinary case, outside the heartland of other cases, the First Circuit has certainly held that a downward departure under the Guidelines may be appropriate. United States v. Maldonado, 242 F.3d 1,5 (1st C. 2001) Further, post Booker, this Circuit has held that a district court enjoys "broad discretion" in utilizing information to determine a reasonable sentence. United States v. Rivera-Rodriguez, 489 F.3d 48,53 (1st C. 2007)

In Appellant's case, he suffered, and continues to suffer, significant collateral consequences as a result of his status as a deportable alien. First, the Appellant's sentence is de facto longer than another similarly situated defendant, as he will not have access to halfway house placement or early release. Second, other similarly situated defendants in other districts have access to the Fasttrack program, which allows for lower sentences. Finally, the conditions of the Appellant's

confinement are more onerous, as his status as a deportable alien requires at least FCI placement, and tighter restrictions. As compared to the average drug trafficking participant, his sentence execution is far more onerous, and takes him outside the heartland of cases.

In the case of United States v. Montero-Diaz, 173 Fed Appx. 7 (1st C. 2006), the Court denied a claim that counsel was ineffective for failing to argue for a downward departure based upon sentencing disparities due to Fast Track defendants. However, the Court based its decision in large part upon counsel's other adamant requests for downward departures on other matters. In the present case, no such other arguments were made. Thus, counsel's failure to address this issue was ineffective. A certificate should issue on this matter.

**III. Prosecutorial misconduct**

The Appellant submits that, if this Court indeed finds that the Appellant was promised that the Government would not advocate for a leadership role enhancement, that such conduct at the sentencing hearing is misconduct resulting in a breach of the plea agreement.

While a prosecutor is permitted to effectively advocate, he or she is not permitted to "strike foul" blows. United States v. Carpenter, 494 F.3d 13,23 (1st C. 2007) Where the Government fails to live up to its promises in the plea agreement, a breach has occurred, entitling the defendant to relief. United States v.

Bermudez, 407 F.3d 536 (1st C. 2005) "Because defendants must ultimately waive fundamental rights as a result of entering into any plea agreement, 'we hold prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance'" United States v. Rivera-Rodriguez, 489 F.3d 48,57 (1st C. 2007)

The Appellant submits that, as part of the plea agreement in this case, he was informed that the Government was waiving any claim that the Appellant had an aggravating role in the offense. If this is accurate, then the Government's actions in advocating for a 3B1.1 enhancement at the time of sentencing were a violation of the plea agreement. On this basis, a certificate of appealability should issue.

**IV. Evidentiary hearing**

The Appellant finally submits that it was reversible error to not at least hold an evidentiary hearing on these issues.

A defendant is entitled to an evidentiary hearing where the defendant's claims, if true, provide relief. Owens v. United States, 483 F.3d 48,57 (1st C. 2007) "[G]enuine issues of material fact may not be resolved without a hearing". Carey v. United States, 50 F.3d 1097,1098 (1st C. 1995) For purposes of determining whether an evidentiary hearing is necessary, the district court should assume the truth of the petitioner's allegations, unless they are clearly refuted by the record. Tse v. United States, 290 F.3d 462,464 (1st C. 2002)

"Sixth Amendment attacks on counsel are rarely allowed on direct appeal because they require findings as to what happened and, as important, *why* counsel acted as he did-information rarely developed in the existing record." United States v. Torres-Rosario, 447 F.3d 61,64 (1st C. 2006) Thus, the First Circuit has not only expressed a preference for resolution of ineffective assistance claims in 2255 petitions, but also that the record include evidence and information on why counsel acted or failed to act.

The Court did not hold a hearing as to any of the Appellant's claims in his 2255 petition. However, many of the claims required information and evidence from former counsel, which was not contained in the record. Further, if counsel did mislead the Appellant as to the plea, as well as the other claims, then the Appellant was clearly entitled to relief. As such, the Court should have held a hearing on this matter. The failure to do so requires a certificate of appealability on this matter.

The Appellant submits that he has proven that he is entitled to a certificate of appealability on these matters, as each of these issues warrants relief from the Court, due to the numerous constitutional errors involved.

Respectfully Submitted,

/s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant
1001 W. Main St.
Lebanon OH 45036
513.933.9333
Fax 513.933.9375
Kevinschad@yourattorneys.net

/s/ Edward McCormick
Edward McCormick
PO Box 6126
Providence RI 02940