MANDATE

07-00172
USDC-PRRI
J. Smith

# United States Court of Appeals
## For the First Circuit

---

No. 08-1051

JUAN GIRALDO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

---

JUDGMENT

Entered: July 1, 2008

Petitioner Juan Giraldo seeks a certificate of appealability after denial of his 28 U.S.C. § 2255 claims by the district court. We deny Giraldo's request.

Giraldo contends that he is entitled to a certificate of appealability on three different grounds. To obtain a certificate of appealability on any ground, Giraldo must show that one of his claims is at least debatable to jurists of reason. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because he has not done so, we deny his request for relief.

His first challenge--that defense counsel rendered ineffective assistance by incorrectly informing him that his plea would foreclose any potential role-in-the-offense enhancement under the Sentencing Guidelines--is waived because it was never presented to the district court. See Castillo v. Matesanz, 348 F.3d 1, 12 (1st Cir. 2003). Giraldo insists that the district court, by construing (and rejecting) his argument as a challenge under United States v. Booker, 543 U.S. 220 (2005), overlooked the true nature of his claim. Even a cursory review of Giraldo's petition, however,

reveals that the district court was correct in its assessment of Giraldo's claim as one based upon Booker. Giraldo's selective quotation of language from his petition fails to dissuade us otherwise. Id. In any event, he certainly has not shown any prejudice, i.e., that but-for the mistake of counsel he would not have pleaded guilty. See United States v. Colón-Torres, 382 F.3d 76, 85 (1st Cir. 2004).

Second, Giraldo's contention that defense counsel was ineffective by failing to move for a downward departure or variance based on Giraldo's status as a deportable alien was properly rejected. We have emphasized that "a deportable alien who commits a crime is still within the 'heartland' of the guidelines absent something more." United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001). "If deportability, expense, or some combination of the two justifies a departure, it would have to be based on case-specific findings that made the case unusual." Id. Giraldo has not pointed to any such unusual circumstances that would warrant a departure.

Additionally, the plea agreement specifically made the Government's obligation to recommend a sentence at the low end of the Guidelines' range contingent upon Giraldo not seeking a downward departure. Thus, Giraldo's present contention that counsel was ineffective by failing to move for a downward departure based on the absence of a fast-track program in the District of Rhode Island, see United States v. Rodríguez, ___ F.3d ___, 2008 WL 2265898 (1st Cir. June 4, 2008), ignores the reality of the plea agreement. Moreover, he has not shown that counsel rendered ineffective assistance by negotiating the plea agreement or by failing to forsake one of its benefits at sentencing in an uncertain gamble that a downward departure would succeed. Although defense counsel possibly could have sought a variance, rather than a departure, the Government and the district court might have ignored such a distinction. Regardless, Giraldo's specific argument on appeal regarding sentencing disparities stemming from fast track programs was not presented in his petition before the district court and, consequently, is waived. See Castillo, 348 F.3d at 12.

Finally, Giraldo maintains that the prosecutor engaged in misconduct by seeking an enhancement for Giraldo's leadership role in the offense. The factual premise, that the prosecutor falsely informed Giraldo that the Government would not seek such an enhancement, was never presented to the district court and, consequently, is likewise waived. See id. Moreover, Giraldo's current assertions contradict the plain language of the plea agreement as well as his own representation at the plea hearing that the plea agreement reflected the entirety of his agreement with the Government.

Because there are no issues of fact that demand resolution before the district court, Giraldo's request for remand to permit an evidentiary hearing is likewise without merit.

The application for a certificate of appealability is denied, and the appeal is terminated.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 8-25-08

cc:
William D. Weinreb
Edward R. McCormich
Dina Michael Chaitowitz
Kevin M. Schad